## JETHRO PIGFORD *et al.* v. STATE.

No. A-2978—Opinion Filed Aug. 8, 1919.

(182 Pac. 730.)

1   **DISTURBANCE OF PUBLIC ASSEMBLAGE—Evidence—Suffi-ciency.** The record in this case examined, and the evidence found insufficient to sustain the conviction of Sam Pigford and Bill Messinger, and sufficient to sustain the conviction of Jethro Pigford, and that the trial of the said Jethro Pigford was free from reversible error.

2   **SAME.** In a prosecution for disturbing religious worship, it was shown that a horse was hitched within 15 feet of an arbor under which religious worship was being conducted; that the accused poured something upon the horse, which the evidence tended to show was carbon bisulphide, commonly known as "highlife," and that immediately thereafter the horse became excited, and his actions in endeavoring to escape disturbed the said religious services, then in the course of observance; that the accused did not give any testimony denying that he had committed the said action with the intent to disturb the said religious services. Held, that the jury was justified in presuming that the accused anticipated the probable result of his act, and that the same was done with the intent to disturb the said religious worship, and was sufficient, in connection with all the evidence, to sustain a verdict of guilty.

*Appeal from County Court, Harmon County;*
*E. C. Abernathy, Judge.*

Jethro Pigford, Sam Pigford, and Bill Messinger were convicted of disturbing religious worship, and they jointly appeal. Affirmed as to Jethro Pigford, and reversed as to Sam Pigford and Bill Messinger.

*S. A. Fowler* and *W. J. Counts*, for plaintiffs in error.

*S. P. Freeling*, Atty. Gen., and *R. McMillan*, Asst. Atty. Gen., for the State.

ARMSTRONG, J. The plaintiffs in error, Jethro Pigford, Sam Pigford, and Bill Messinger, together with Roy

Goods, were jointly informed against for disturbing religious worship, convicted, and Jethro Pigford, Sam Pigford, Roy Goods each fined $30 and costs, and Bill Messinger $10 and costs, for which execution and commitment was ordered, defendants, if said fines and costs were not paid, to remain in jail one day for each dollar due the state. To reverse the judgment rendered, the defendants, Jethro Pigford, Sam Pigford, and Bill Messinger jointly prosecute this appeal.

The charging part of the information is:

"That the said Jethro Pigford, Sam Pigford, Roy Goods, and Bill Messinger, on or about the 28th day of August, 1916, in Harmon county, Okla., did knowingly, willfully, unlawfully, and voluntarily disturb religious worship at Wildcat Church by making loud and boisterous noises and frightening a horse, which greatly disturbed a public religious service then in progress."

The defendants demurred to the information upon the ground:

"(1) Because it does not charge any offense to have been committed in Harmon county; (2) that more than one offense is charged in the information; (3) that the facts stated in said information do not constitute a public offense; (4) that the court has no jurisdiction to try the offense of highlifing a horse."

The court overruled the demurrer, and the defendants excepted.

The uncontradicted evidence is that there was a revival meeting in progress at the time and place named in the information; that the defendants attended the said meeting, remaining a short time, and while the meeting was still in progress left in the same vehicle in which they came; but there is no evidence that either of the defendants, while

attending the meeting, or while the meeting was in progress, willfully disturbed the said religious worship by making loud and boisterous noises.

There was a horse tied about 15 feet from the arbor under which the meeting was being conducted, and one of the defendants, Jethro Pigford, as the hack in which he was riding passed the said horse, poured some substance from a beer bottle upon the horse, and the horse immediately became greatly excited and endeavored to get loose, and thereby caused considerable excitement among the people attending the said meeting. A bottle was found the next morning near the place where the horse had been tied which contained a few drops of what is commonly known as "highlife." There is also evidence tending to show that the substance which was poured upon the horse was "highlife." The evidence also discloses the fact that "highlife," as the phrase is commonly used, is carbon bisulphide. There is no evidence in the case as to what effect the pouring of "highlife" would have upon a horse. There is no evidence whatever that there existed a conspiracy by the defendants to disturb the religious worship, or that either of the other defendants, Sam Pigford or Bill Messinger, advised Jethro Pigford or were in any wise connected with the pouring of the contents of the bottle upon the horse, or even were advised that Jethro Pigford intended to do so, and there is a total failure of evidence to show that Jethro Pigford poured the contents from the bottle with the intention of causing the horse to disturb the said religious meeting, except the act itself.

The owner of the horse, who was a member of said congregation at the time, testified he was disturbed by his horse being "highlifed." Another member of the congrega-

tion testified that he was disturbed by the defendants coming in and going out of the meeting as much as twice.

The defendants earnestly insist that the court committed reversible error in overruling the demurrer to the information. With this contention we are not in accord.

The information clearly points out the offense which the defendants are brought to the bar to answer, "disturbing religious worship." The information is not duplicitous, as it charges but one offense was committed—by making loud and boisterous noises and by frightening a horse. In one count an offense may be properly charged as being committed by two separate and distinct acts on the part of the accused done at the same time.

The ground of demurrer that the court has no jurisdiction to try the offense of "highlifing" a horse is not germane to a legitimate attack upon said information, as the information cannot be contorted so as to charge such offense; the "highlifing" of the horse being only one of the acts by which the offense charged—disturbing religious worship—was committed. While the information does not command our approval as a model pleading, we are of the opinion that it was sufficient, and the court did not err in overruling the demurrer thereto.

We think instructions No. 3 and No. 6, given by the court and excepted to by the defendants, were as favorable to them as they were entitled to. The requested instruction which was refused by the court we think was properly refused, because fully covered by the general instructions.

There is no evidence that either of the defendants, except Jethro Pigford, were in any way connected with the pouring of the said substance from the said beer bottle upon the said horse, or had any knowledge that Jethro

Pigford intended to do so, and the only averment in the information as to how the said religious meeting was disturbed that is sustained by the evidence was the act of the said Jethro Pigford in frightening the said horse, and therefore the court committed reversible error in not directing, as requested, a verdict of acquittal for the defendants except the said Jethro Pigford. The horse being tied within 15 feet of the arbor under which the said religious worship was being conducted, Jethro Pigford must be presumed to have known that his act would frighten the horse and cause him to become so excited as to disturb the said religious meeting, as is shown by the evidence it did. It is also to be presumed that he intended the natural consequences of his act. The evidence was sufficient to sustain his conviction, and the court did not err in refusing to direct the jury to acquit him.

In accord with the views expressed in this opinion, the judgment herein rendered is reversed as to Sam Pigford and as to Bill Messinger. The judgment rendered against Jethro Pigford is affirmed.

DOYLE, P. J., and MATSON, J., concur.